Filed 10/17/25  In re Steven T. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re STEVEN T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN T.,<br><br>        Defendant and Appellant. | A172664<br><br>(Contra Costa County Super. Ct. No. J23-00295) |

In January 2024, after then 16-year-old Steven T. pled no contest to kidnapping (Pen. Code, § 207), with an enhancement for infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)), the juvenile court adjudged him a ward of the court and committed him under Welfare and Institutions Code[1] section 875, to the Briones Youth Academy (BYA), a secure youth treatment facility, with a baseline term of confinement of five years.  This court affirmed the disposition in a prior appeal.  (*In re Steven T.* (Feb. 20, 2025, A169884) [nonpub. opn.].)

_____

   [1]All undesignated statutory references are to the Welfare and Institutions Code.

After his commitment, section 875, subdivision (e) required the juvenile court hold review hearings "not less frequently than once every six months" to evaluate his rehabilitative progress and "determine whether the baseline term of confinement is to be modified." In July 2024, the juvenile court conducted Steven's first six-month review hearing. This court recently affirmed the order issued after the hearing which praised Steven for his progress but concluded that "additional progress was necessary before his baseline term of confinement could be reduced." (*In re Steven T.* (Sept. 24, 2025, A171002) [nonpub. opn].)

On January 10, 2025, the trial court conducted Steven's second six-month review hearing. Based on the probation department's positive report and recommendation, as well as Steven's progress and the programming he still needs to complete, the court reduced Steven's baseline term of confinement by 60 days. Steven timely filed a notice of appeal. His appointed appellate counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel informed Steven of his right to file a supplemental brief on his own behalf, which he has not done. We have conducted a review pursuant to *Wende* and find no arguable issues. Accordingly, we affirm.

## DISCUSSION

Under section 875, subdivision (e)(1), at each review hearing the trial court has discretion to modify the ward's baseline term of confinement "downward by a reduction of confinement time not to exceed six months." (*In re Tony R.* (2023) 98 Cal.App.5th 395, 414 [order issued under section 875, subdivision (e), is reviewed for an abuse of discretion].) Here, the trial court reduced Steven's baseline term of confinement by 60 days rather than the 6 months requested by Steven. The trial court considered the proper factors

and made a reasoned decision based on the record before it.  (§ 875, subd. (e)(1)(A) ["[t]he court shall consider the recommendations of counsel, the probation department and any behavioral, educational, or other specialists having information relevant to the ward's progress].)  Accordingly, based on our independent review of the record, we have found no arguable issues.

## DISPOSITION

The six-month review order issued on January 10, 2025, is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

3